Steven L. Barker # 15893-076
Name and Prisoner/Booking Number
U.S.P. Canaan
Place of Confinement
3057 Eastern Turnpike, P.O. Box 300
Mailing Address
Waymart, PA 18472-0300
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

STEVEN L. BARKER )
(Full Name of Plaintiff)        Plaintiff, )
) **2:10-cv-0314 WTL-TAB**
vs. )
) CASE NO. _____
) (To be supplied by the Clerk)
(1) BUREAU OF PRISONS, LT. McPHERSON )
(Full Name of Defendant) )
(2) LT. EMMERICH, SENIOR OFFICER , )
) **CIVIL RIGHTS COMPLAINT**
(3) BOBO, SIA JEAGER, and Correcti-, ) **BY A PRISONER**
)
(4) onal Officers John/Jane Doe 1-100 ) ☒ Original Complaint
        Defendant(s). ) ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. ) ☐ Second Amended Complaint

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☒ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☒ Other: 28 U.S.C. Section 2671, et.al.

2. Institution/city where violation occurred: Terre Haute, Indiana

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: <u>See Attached</u>          . The first Defendant is employed as:
   _____ at _____.
   (Position and Title)                                  (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
   _____ at _____.
   (Position and Title)                                  (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____ at _____.
   (Position and Title)                                  (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____ at _____.
   (Position and Title)                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☐ Yes    ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

### D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>See Attached</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: <u>See Attached</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   See Attached

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   See Exhibits ___ thru ___ and attached.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## COUNT II

1. State the constitutional or other federal civil right that was violated: __See Attached__

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities   ☐ Mail   ☐ Access to the court   ☐ Medical care
   - ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
   - ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: __See Attached__

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   See Attached

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   See Exhibits ___ thru ___ and Attached.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ___

# COUNT III

1. State the constitutional or other federal civil right that was violated: __See Attached__

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: __See Attached__

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   __See Attached__

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   __See Exhibits___ thru _____ and Attached.__

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count III?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:
See Attached.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __11-17-10__
DATE

X _Stuwen J. Barber_
SIGNATURE OF PLAINTIFF

_ERNEST J. HILL, III #87509-012_
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEVEN L. BARKER,<br>Fed. Reg. No. 15893-076<br>U.S.P. Canaan<br>3057 Eastern Turnpike<br>P.O. Box 300<br>Waymart, PA 18472-0300,<br>     Plaintiff,<br><br>    v.<br><br>BUREAU OF PRISONS,<br>LT. McPHERSON,<br>LT. EMMERICH,<br>SENIOR OFFICER BOBO,<br>S.I.A. JEAGER, and<br>Correctional Officers<br>John/Jane Does, 1-100,<br>     Defendants. | **TRIAL BY JURY DEMANDED**<br><br><br><br>Civil Action No. |

## COMPLAINT

NOW COMES the Plaintiff, **Steven L. Barker**, in pro se $\underline{1/}$ and pursuant to 28 U.S.C. § 2671 et.seq. and <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971)(28 U.S.C. § 1331), and hereby files the instant complaint against the named Defendants, for damages, and states as follows:

### JURISDICTION

Jurisdiction is invoked pursuant to the Federal Tort Claims

---

$\underline{1/}$   <u>Marshall v. Knight</u>, 445 F.3d 965, 969 (7th Cir. 2006)(pro se plaintiff's complaint is to be liberally construed).

Act ("FTCA"), 28 U.S.C. § 2671 et.seq. [2/] and <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971)(28 U.S.C. § 1331).

## PARTIES

Plaintiff is Steven L. Barker, who at all times relevant, was a prisoner in custody of the Federal Bureau of Prisons at Terre Haute, Indiana. Plaintiff's current legal mailing address is:

> Steven L. Barker
> Fed. Reg. No. 15893-076
> U.S.P. Canaan
> 3057 Eastern Turnpike
> P.O. Box 300
> Waymart, PA 18472-0300

Defendant Federal Bureau of Prisons is an agency of the United

---

[2/] Liability under the Federal Tort Claims Act. The Federal Tort Claims Act ("FTCA") grants the federal district courts jurisdiction over a category of claims for which the United States has waived its sovereign immunity and rendered itself liable. See 28 U.S.C. § 1346(b); <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Under the FTCA, the government is liable for the negligent conduct of an employee "while acting within the scope of his office or employment" under circumstances where "a private person [ ] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Supreme Court has "consistenly held that § 1346(b)'s reference to the law of the place means law of the State--the source of substantive liability under the FTCA." <u>Meyer</u>, 510 U.S. at 478. AS such, "for liability to arise under the FTCA, the plaintiff's cause of action must be 'comparabler' to a 'cause of action against a private citizen' recognized in the jurisdiction where the tort occurred, and the allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action." <u>Bergquist v. United States</u>, 849 F.Supp. 1221, 1232 (N.D. Ill. 1994)(quoting <u>Chen v. United States</u>, 854 F.2d 622, 626 (2nd Cir. 1988)). Under Indiana law, the tort of battery is defined as "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such a contact, or apprehension that such a contact is imminent...." <u>West v. LTV Steel Co.</u>, 839 F.Supp. 559, 562 (N.D. Ind. 1993)(quoting <u>Fields v. Cummins Employees Fed. Credit Union</u>, 540 N.E.2d 631, 640 (Ind. Ct. App. 1989)). "It has long been established in Indiana that 'any touching, however slight, may constitute assault and battery.'" <u>Oliver v. McClung</u>, 919 F.Supp. 1206, 1220 (quoting <u>Cohen v. Peoples</u>, 140 Ind. App. 353, 220 N.E.2d 665 (Ind. Ct. App. 1966)).

States Department of Justice under the direction of the United States Attorney General, Eric Holder, and the Director of the Federal Bureau of Prisons, Harley G. Lappin. The Federal Bureau of Prisons business mailing address is:

>    Federal Bureau of Prisons
>    Central Office
>    320 First St. N.W.
>    Washington, DC 20534

Defendants Lt. McPherson, Lt. Emmerich, Senior Officer Bobo, S.I.A. Jeager, and Correctional Officers John/Jane Does, 1-100, are all correctional officers employed by the Federal Bureau of Prisons, United States Department of Justice, at the Federal Correctional Complex in Terre Haute, Indiana. The Defendants business mailing address is:

>    Federal Correctional Complex
>    4200 Bureau Rd. North
>    P.O. Box 33
>    Terre Haute, Indiana 47808

All named Defendants are sued in both their official and individual capacities.

## PREVIOUS LAWSUITS

No previous lawsuits have been filed by this Plaintiff.

## EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

All available administrative remedies have been exhausted under the Federal Bureau of Prisons Administrative Remedy Procedure, P.S. 1330.16, as is required under 42 U.S.C. § 1997e. See Exhibits A- . (All the attached Exhibits are incorporated by reference as though fully set forth herein. See Fed.R.Civ.P. 10(c); Ortiz v. Downey, 561 F.3d 664 (7th Cir. 2009)).

## STATEMENT OF THE CASE

On March 11, 2009, the undersigned Plaintiff was seriously assaulted by federal correctional officers at the United States Federal Correctional Complex (FCI) in Terre Haute, Indiana.

Specifically, on March 11, 2009, at the Federal Correctional Institution in Terre Haute, Indiana, there was an incident in (F-Unit), Cell 74, an inmate by the name of Steven Marsh #41872-039 was thought to have been assaulted in his cell. While conducting an investigation of the incident a Lt. Emmerich asked me to put my hands on bunk. He started running his hands down in my pockets which pulled my shorts down from my waist. He then took my glasses off my face and threw then somewhere behind me. He then proceeded to run his hands all around my body which amounted to me more than sexual harassment. I asked Lt. Emmerich nicely if he could step outside the cell because the cells here are extremely small and he stated, "I will do whatever the fuck I want to do!" It was at this time that I realized that there was no reasoning with this man.

After the shakedown of my cell, he asked me at that time to step down to the (F-Unit T.V. Room). Lt. Emmerich asked me at that time if I assaulted inmate Steven Marsh. I stated to him I had nothing to say and to go ahead and take me to the Special Housing Unit. He tells me to have a seat in the tv room. Approximately ten minutes later, Lt. Emmerich comes back to the tv room and asked me to follow him to the Lt.'s Office.

When we reached the Lt.'s Office he tells me to have a seat. (At this time I was not handcuffed).

Another ten minutes passes and he asked me my name and number.

It was at this time that Lt. Emmerich started talking in a manner which made it obvious that he wanted a confrontation (also in the office was Lt. McPherson, who was sitting at a desk in the back center of the room). Lt. Emmerich called for Officer Bobo on the radio to escort me to the Special Housing Unit (at this time I was handcuffed behind my back). I asked him to please let me have my glasses because I cannot see without them. He said "fuck you, you have nothing coming." I said that I didn't understand why he was so upset over a child molester getting assaulted, I guess they need to check on his past. He jumped up and grabbed me by the handcuffs and beat me until I deficated on myself. I was beaten between one and two minutes. There was blood everwhere. He then picked me up by the handcuffs and throws me to Officer Bobo and tells me that is what I get for calling him a bitch. I never called him a bitch. On the way to the Special Housing Unit, he tried to have Officer Bobo take me back in the Lt.'s Office. I refused to go and told him that if he was going to kill me that he was going to do it in front of the cameras in the corridor. At that time he brought a broken camera and took a picture of me. After taking pictures, I was on my way escorted to the Special Housing Unit <u>withou any medical attention</u>.

On our way to the Special Housing Unit we were approached by Officer Waylon from (K-Unit). He asked me if I was alright and I told him that I was alright. He asked me who did this to me and I told him that Lt. Emmerich did it. Officer Waylon looks Officer Bobo in the eyes and Officer Bobo confirmed with a (it must be noted that by saying I was alright, I meant that I would survive)

("yes" head shake). Officer Waylon is so worried at this point of my welfare that he asked Officer Bobo to let him take me to the Special Housing Unit. Officer Bobo refused.

As I entered the Special Housing Unit, I was met by Officer Bryan and Officer Buck. They asked what happened and I told them what Lt. Emmerich had done. They both were shaking their heads in disbelief. I asked them if they would both (Bryan and Buck) testify to my condition. They said that if anyone came to talk with them that they would be more than glad to.

On March 12, 2009, I had Lt. Winterberger (S.I.S.) come to my cell (B-28) and hand me two disciplinary reports: (1) one for assaulting inmate Marsh; and (2) the second one was for spitting on Lt. Emmerich. This incident had went from me calling him a bitch to spitting on him. I asked Lt. Winterberger about this and he told me that he never heard anything about me calling him a bitch. I told him that I didn't call Lt. Emmerich a bitch and I didn't spit on him either. I told Lt. Winterberger that this was a lie and that it was not going to go away. I asked him if there was going to be an investigation of this and he told me probably not. It was at this time that Lt. Winterberger asked me if I would accept an apology from Lt. Emmerich and I said "Hell no!" I told him that I wanted him charged by the F.B.I. and that I will not let this go until Lt. Emmerich is prosecuted for assault and falsifying government documents. I told him that I had contacted my family about this matter.

On March 17, 2009, Captain Kalman came to my cell, I told him what happened and he cut me off and said that he was sending

me across the street (the U.S.P. is across the street). Because my points were too high. I showed him a newspaper where a man had received 41 months in Federal Prison for falsifying documents. I told him that I wanted an investigation done on this incident. He turned around and told Lt. Winterberger to open an investigation. Captain Kalman told me to trust him and that there would be an investigation. On March 18, 2009, Captain Kalman came back to my cell and told me that he sent the paperwork across the street to the S.I.A. at the U.S.P.

On March 23, 2009, Counselor Edwards which is my counselor in (F-Unit), came to my cell and told me that he tried his best to get the incident with me and Lt. Emmerich kicked up to his old boss the S.I.A. Counselor Edwards worked for S.I.S. before becoming a counselor in (F-Unit). He told me he didn't think he would have much luck since S.I.S. Winterberger was the one who helped get Lt. Emmerich brought to F.C.I. Terre Haute. Counselor Edwards said that he thought it should be investigated by a higher authority for this reason.

On March 23, 2009, Case Manager Perdue from (L & M Units) came to my cell. I asked Case Manager Perdue to be my staff representative on my disciplinary reports. He told me to tell that to my unit team at my U.D.C. Hearing. I asked Case Manager Perdue if he thought that I did what the reports said I did. He told me "Hell No!" He told me that Lt. Emmerich doesn't know that the staff gets along with me because of all the work I do around the institution. Mr. Perdue goes on to state that no one believes any of that shit that Lt. Emmerich was saying. I said

what about my unit team members, and he shook his head no and told me that they didn't believe it either.

On March 12, 2009, Counselor Edwards from (K & J Units)(this is not the same Counselor Edwards that is my counselor in (F Unit), came to my cell to see if I was alright. I showed him my body where Lt. Emmerich had beaten me. I also showed him the stitches that I received above my left eye. I asked him if he thought that I did the things that Lt. Emmerich accused me of. He told me that he did not believe that I did what Lt. Emmerich said I did. He went on to tell me that he had talked with Officer Waylon and that Officer Waylon had told him that he could not recognize me when I was being escorted to the Special Housing Unit by Officer Bobo. Officer Waylon told him that I was really messed up and covered head to toe in blood.

On April 1, 2009, I had my D.H.O. Hearing on the two Disciplinary Reports that Lt. Emmerich had written me. After hearing all the evidence on the assault charge that I supposedly committed against Steven Marsh, the D.H.O. found me NOT GUILTY, and after having the evidence that was gathered for the assault charge on Lt. Emmerich, he ordered an investigation by the S.I.A. to be conducted on this matter. The reason for this is that the D.H.O. Officer told me that Lt. McPherson stated in his report that he seen me spit on Lt. Emmerich. At that time my staff representative Mr. Perdue intervened and said that this was simply a lie, that Lt. McPherson had told Mr. Perdue that he didn't see inmate Barker spit on Lt. Emmerich. This is why an investigation was ordered by the D.H.O. I also stated to the D.H.O. that if I am found guilty

of assaulting Lt. Emmerich, that I wanted to be charged by the F.B.I. 3/

The Disciplinary Reports that were written under fraudulent pretenses were ultimately expunged based on a finding that the charges were baseless and contained inconsistent statements as well as false statements.

On May 21, 2010, the undersigned filed a claim for damages pursuant to the FTCA with the Federal Bureau of Prisons. To date, no final action has been taken.

Since there has been no proper final agency denial within 6 months of the claim as required by 28 U.S.C. § 2675, the Plaintiff has the right at any time of his own option to deem such a failure to be a final agency denial. This is precisely the result allowed in Mack v. United States Postal Service, 414 F.Supp. 504 (D.C. Mich. 1976). In that case, an agency had not acted on the plaintiff's claim. The court found that the denial could not be deemed to have occurred sixh months after the date of the claim. Such a result would be too harsh. The court said that 28 U.S.C. § 2675 (a) and the statute of limitations of 28 U.S.C. § 2401 are to be read together. 28 U.S.C. § 2675(a) provides:

---

3/   To state a claim under the federal notice pleading standards, all that a complaint must do is set forth "a short and plain statement of the grounds for the court's jurisdiction." "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed.R.Civ.P. 8(a). Factual allegations are accepted as true and need only give "fair notice of what the ... claim is and the grounds upon which it rests." EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))(other citation omitted).

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

The Court in <u>Mack</u> found that this gave the claimant the option to pick the time on which the agency action was deemed to be finally denied. See Appendix A, hereto.

As stated supra, on May 21, 2010, Plaintiff filed an FTCA claim utilizing the standard form 95. Therein said form, Plaintiff made the following claim:

> On March 11, 2009, Lt. Emmerich of the United States Federal Correctional Complex, in Terre Haute, Indiana, assaulted me in the Lieutenant's Office of the Federal Correctional Institution located on the Complex.
>
> Lt. Emmerich viciously assaulted me by slamming my right shoulder into institutional Postal lock boxes located in the Lieutenant's Office, in an attempt to ram my face into those lock boxes. The impact of the assault was so forceful that it left impression marks from the lock boxes in my right shoulder. (See attached affidavits.) The injuries I sustained included but were not limited to a cut and contusion above my left eyebrow, cuts and bruises, laceratins and loss of blood from my face, knees and shins.
>
> In support of the foregoing claims, the attached affidavits and exhausted Administrative Remedies are hereby incorporated by references as though fully set forth herein. Further, the medical reports attached hereto also incorporated by reference.
>
> A claim for damages made pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Section 2671, et.seq., shall be deemed presented when a federal agency receives from a claimant an executed Standard Form 95 or other written notification of an indident, accompanied by a claim for money damages in a sum certain for injury of the claimant by an employee of the federal government or agency of the government.
>
> This particular claim being submitted here is limited to the liability of the government based on the acts and ommissions of Lt. Emmerich while employed by the Federal Bureau of Prisons when this Officer assaulted the undersigned on March 11, 2009. (Case law and final paragraph omitted).

## CAUSES OF ACTION

Count One:

As to Defendant Bureau of Prisons negligence for failure to properly train its employees Defendants Lt. McPherson, Lt. Emmerich, Senior Officer Bobo, S.I.A. Jeager, and Correctional Officers John/Jane Does, 1-100. Plaintiff requests $250,000.00 compensatory damages and $500,000.00 punitive damages;

Count Two:

As to Defendants Lt. McPherson, Lt. Emmerich, Senior Officer Bobo, S.I.A. Jeager, and Correctional Officers John/Jane Does, 1-100, falsification of official documents; deliberate indifference; assault and battery. Plaintiff requests $250,000.00 compensatory damages and $500,000.00 punitive damages;

Count Three:

As to Defendant Lt. Emmerich, assault and battery and falsification of official documents, intentional infliction of emotional distriss.[4/] Plaintiff requests $1,500,000.00 compensatory damages and $5,000,000.00 punitive damages.

---

[4/] The Indiana Supreme Court defined the tort of intentional infliction of emotional distress as follows: "'one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress....' RESTATEMENT (SECOND) OF TORTS § 46 (1965). It is the intent to harm one emotionally that constitutes the basis for the tort of an intentional infliction of emotional distress." Id. (quoting Cullison, 570 N.E.2d 27 at 31).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grants the relief requested herein above and any other relief the Court may find due and owing Plaintiff under the circumstances.

Respectfully submitted,

Dated: 11-17-10

x *Steven J. Barker* (signature)
Steven L. Barker
Fed. Reg. No. 15893-076
U.S.P. Canaan
3057 Eastern Turnpike
P.O. Box 300
Waymart, PA 18472-0300

Plaintiff, Pro Se