UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| STEVEN L. BARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:10-cv-314-WTL-WGH |
| | ) | |
| LT McPHERSON, | ) | |
| LT. EMMERICH, | ) | |
| SENIOR OFFICER BOBO, and | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANTS' PARTIAL MOTION TO DISMISS

This cause is before the Court on Defendants' motion to dismiss certain claims in Plaintiff's amended complaint (dkt. no. 78).[1] The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion, for the reasons set forth below.

### I.  STANDARD

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n,* 638 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that

---

[1] On July 1, 2014, Barker filed an amended complaint adding the United States of America as a Defendant in this matter. The caption for this case, however, was not updated at that time. **The Clerk is directed to update the caption and online docket as noted above.**

is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

## II. BACKGROUND

On November 22, 2010, *pro se* Plaintiff Steven L. Barker filed suit alleging excessive force and related claims against the Bureau of Prisons ("BOP"), Lt. McPherson, Lt. Emmerich, Senior Officer Bobo, SIA Jaeger, and 100 anonymous correctional officers pursuant to *Bivens v. Six Unkonw Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his complaint, Barker alleged, in part, that Lt. Emmerich used excessive force against him in violation of his Eight Amendment rights. Compl. at 11. He further alleged that Lt. McPherson, Officer Bobo, and SIA Jaeger falsified documents, committed assault and battery, conspired to cover up the incident with Lt. Emmerich, and/or were deliberately indifferent to Lt. Emmerich's use of excessive force and Barker's medical needs.[2]

On November 16, 2011, the claims against the BOP and the 100 anonymous correctional officers were deemed "legally insufficient" and dismissed from the suit. Dkt. No. 13 at 1. Thereafter, the remaining Defendants filed a motion for summary judgment. On July 25, 2013, the Court granted in part and denied in part the Defendants' motion, ruling as follows:

> [T]he motion for summary judgment [Dkt. 31] is **granted** as to all claims asserted against Jaeger. The motion for summary judgment [Dkt. 31] is also **granted** as to the claims of falsifying documents, assault and battery, conspiracy, and deliberate indifference in delaying medical care asserted against Lt. McPherson and Officer Bobo.

---

[2] Barker's allegations and the specific facts underlying his complaint are detailed in the Court's Entry Discussing Motion for Summary Judgment and Directing Further Proceedings issued on July 25, 2013. Dkt. No. 50 at 2-6.

> The motion for summary judgment [Dkt. 31] is **denied** as to the claim of excessive force asserted against Lt. Emmerich and as to the claims of deliberate indifference for failure to intervene against Lt. McPherson and Officer Bobo.

Dkt. No. 50 at 10-11 (emphasis in original).

On September 18, 2013, the Court granted Barker's motion to appoint counsel, and on October 4, 2013, the Court appointed volunteer counsel. Thereafter, Barker, through his attorney, was permitted to file an amended complaint and did so on July 1, 2014. Barker's amended complaint contains the following claims against the following parties:

| | | |
|---|---|---|
| Count I | | Violation of constitutional rights for the use of excessive force and/or failing to intervene against the United States, Lt. Emmerich, Lt. McPherson, and Officer Bobo |
| Count II | | Assault and battery against the United States and Lt. Emmerich |
| Count III | | Violation of constitutional rights for deliberate indifference to Barker's medical needs against the United States, Lt. Emmerich, Lt. McPherson, and Officer Bobo |
| Count IV | | Gross negligence against the United States, Lt. Emmerich, Lt. McPherson, and Officer Bobo |
| Count V | | Intentional infliction of emotional distress against the United States, Lt. Emmerich, Lt. McPherson, and Officer Bobo |

For the reasons discussed below, the Defendants move the Court to dismiss several of the foregoing claims.

## III.  DISCUSSION

### 1. Count I – Excessive Force and Failing to Intervene Claims

The Defendants argue that the United States should be dismissed from Count I "because it has not waived its sovereign immunity for alleged constitutional violations." Defs.' Br. at 2. Barker concedes "that the United States should be dismissed from Count[] I" for this reason

Barker's Resp. at 2. The Defendants' motion to dismiss is **GRANTED** accordingly. Count I shall proceed only against the individual defendants.

### 2. Count II – Assault and Battery Claims

Next, the Defendants argue that Lt. Emmerich should be dismissed from Count II because "[t]he only recognized defendant in a tort lawsuit against federal employees acting within the scope of employment is the United States." Defs.' Br. at 4. Barker agrees. As such, the Defendants' motion to dismiss is **GRANTED** in this respect. Count II shall proceed against the United States only.

### 3. Count III – Deliberate Indifference to Medical Needs Claims

First, the Defendants argue that the United States should be dismissed from Count III for the same reasons discussed in relation to Count I, above. Again, Barker agrees that the United States should be dismissed as to this claim. Therefore, the Defendants' motion to dismiss is **GRANTED** on this issue.

The Defendants also argue that Officer Bobo and Lt. McPherson should be dismissed from Count III "under the doctrine of *res judicata* and/or law of the case," because the Court previously entered summary judgment in favor of Officer Bobo and Lt. McPherson on this issue. *Id.* at 3. Indeed, the Court's entry on the Defendants' motion for summary judgment states as follows:

> Barker argues that [Officer Bobo and Lt. McPherson] were deliberately indifferent when they failed to seek medical attention for Barker after the alleged assault.[3] Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal quotation omitted). The medical records attached to the complaint indicate that Barker's injuries were assessed by Health Services at the SHU at 7:10 p.m. Barker has not presented

---

[3] It is undisputed that Lt. Emmerich was physical with Barker and Barker sustained various injuries, including a gash above his left eye which required stitches.

4

> evidence sufficient to create a genuine issue of fact that Lt. McPherson and Officer Bobo delayed any treatment provided to Barker. The record demonstrates that he was seen within minutes of having been escorted to the SHU. To the extent Barker contends that the defendants were deliberately indifferent by delaying his medical treatment, such a claim does not survive summary judgment.

Dkt. No. 50 at 9. Clearly, the Court already decided this issue. Thus, Officer Bobo and Lt. McPherson should be dismissed from Count III, and the Defendants' motion to dismiss is **GRANTED** in this respect.[4]

Lastly, with respect to Count III, the Defendants argue that Lt. Emmerich is also entitled to dismissal because "there is no allegation of any action or inaction by Defendant Emmerich that could give rise to a constitutional claim that he was deliberately indifferent to Plaintiff's serious medical condition." Defs.' Br. at 3. In response, Barker notes that the amended complaint alleges that Barker was beaten by Lt. Emmerich for one to two minutes. It also states that after the beating,

> [o]n the way to the Special Housing Unit, Lt. Emmerich tried to have Officer Bobo take Barker back in the Lt.'s office. Barker refused to go and told Lt. Emmerich that if he was going to kill him that he was going to have to do it in front of the cameras. Pictures were taken of Barker. After taking pictures, Barker was escorted to the Special Housing Unit without any medical attention. Ultimately, Barker did receive medical treatment for his injuries, which included stiches above his left eye.

Am. Compl. at ¶ 25. Barker argues that these allegations sufficiently state a cause of action against Lt. Emmerich for deliberate indifference to his medical needs. The Court does not agree.

From prior proceedings, the Court is aware that Barker received medical attention within minutes of arriving at the SHU. Thus, fairly construed, Barker alleges that, by denying medical

---

[4] Barker argues that, despite the summary judgment ruling, this claim should stand because he "was not previously represented by counsel and the original Complaint was poorly pled." Barker's Resp. at 2. Barker's allegations supporting this claim, however, have not changed. Thus, regardless of whether he was represented or not, the Court has already entered judgment in favor of Officer Bobo and Lt. McPherson on this issue.

treatment to the cut above his left eye and the cuts and bruises on his face, knees, and shins while the staff took pictures of his injuries and transported him to the SHU, Lt. Emmerich was deliberately indifferent to his medical needs. The Court finds that these facts do not sufficiently state a deliberate indifference claim against Lt. Emmerich. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation") (citation omitted). Accordingly, the Defendants' motions is **GRANTED** as to Count III, and Count III is dismissed in its entirety.

### 4. Count IV – Gross Negligence Claims

First, the Defendants argue that the individual officers should be dismissed from Count IV because, again, "[t]he only recognized defendant in a tort lawsuit against federal employees acting within the scope of employment is the United States." Defs.' Br. at 4. Barker agrees, and the Defendants' motion to dismiss is **GRANTED** in this respect. Therefore, Count IV shall proceed against the United States only.

The Defendants also argue that "the Court should dismiss Plaintiff's negligence claim against the United States insofar as that claim is based on Defendants Bobo and McPherson's alleged failure to provide necessary medical treatment." *Id.* For the reasons discussed in Section III.3 above, the Court agrees. The Defendants' motion to dismiss is **GRANTED** accordingly. The Court adds that, for the reasons discussed above, this claim is also dismissed as to Lt. Emmerich's alleged denial of medical treatment.

The Defendants further argue that Barker "has failed to allege any facts that would support a negligence claim against the United States based on Defendant Emmerich's actions or inactions. . . . [A]lthough there are factual allegations of intentional misconduct by Defendant Emmerich, there are no allegations of negligent acts or omissions." *Id.* at 4-5. As such, the claim

6

against the United States should be dismissed to the extent it is based on Lt. Emmerich's actions. The Court agrees. Lt. Emmerich admits that he used force on Barker. Simply put, the facts underlying the incident do not support a negligence claim. Thus, the Defendants' motion to dismiss is **GRANTED** as to this issue.

### 5. Count V – Intentional Infliction of Emotional Distress Claims

Lastly, as with the other tort law claims, the Defendants argue that the individual officers should be dismissed from Count V, and proceed only against the United States. Again, Barker agrees, and the Defendants' motion to dismiss is **GRANTED** in this respect. Count V shall proceed against the United States only.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' partial motion to dismiss is **GRANTED** in its entirety. For the sake of clarity, the following claims remain:

| | |
|---|---|
| Count I | Violation of constitutional rights for the use of excessive force and/or failing to intervene against Lt. Emmerich, Lt. McPherson, and Officer Bobo |
| Count II | Assault and battery against the United States |
| Count IV | Gross negligence against the United States (but limited to the extent discussed above in Section III.4) |
| Count V | Intentional infliction of emotional distress against the United States |

The parties are also reminded of their pretrial deadlines.

SO ORDERED: 10/09/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.