# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| STEVEN L. BARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 2:10-cv-314-WTL-WGH |
| ) | |
| LT EMMERICH, et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON DEFENDANTS' MOTION TO ALTER OR AMEND FINAL JUDGMENT

This cause is before the Court on the Defendants' motion to alter or amend the final judgment in this case. Dkt. No. 103. The motion is ripe for ruling,[1] and the Court, being duly advised, **GRANTS** the Defendants' motion for the reasons set forth below. The Court further finds that the Court's prior ruling in favor of the United States of America and against the Plaintiff on his assault and battery claim under the Federal Tort Claims Act ("FTCA") was based on a manifest error of law, and the Court must now correct that error. *See Mendez v. Republic Bank*, 725 F.3d 651 (7th Cir. 2013). As a result of the foregoing rulings, the Court **VACATES** the findings of fact and conclusions of law (Dkt. No. 100) and the final judgment (Dkt. No. 101) previously entered in this case. New findings of fact and conclusions of law and a new judgment will be issued under separate order.

## I. BACKGROUND

The bench trial in this matter was held on January 13, 2015. On January 29, 2015, the Court issued its findings of fact and conclusions of law (Dkt. No. 100), and entered final judgment in this case (Dkt. No. 101). As to Count I, the Plaintiff's excessive force claim against

---

[1] The Plaintiff did not file a response; however, the time for doing so has passed.

Lt. Emmerich in his individual capacity under *Bivens*, the Court entered judgment in favor of the Plaintiff and against Lt. Emmerich. *Id.* The Court concluded that Lt. Emmerich used excessive force against the Plaintiff. As to Counts II (assault and battery), IV (gross negligence), and V (intentional infliction of emotional distress) against the United States under the FTCA, the Court entered judgment in favor of the United States and against the Plaintiff.

## II.　DEFENDANTS' MOTION TO ALTER OR AMEND FINAL JUDGMENT

### A.  Standard

The Defendants timely filed their motion pursuant to Federal Rule of Civil Procedure 59(e). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)).

### B.  Discussion

The Defendants argue that "[b]ecause Plaintiff pursued his parallel FTCA and *Bivens* claims to judgment, and the Court entered Judgment on the Plaintiff's FTCA claim, the Court must vacate its judgment against the individual Defendant Emmerich pursuant to 28 U.S.C. § 2676, the 'Judgment Bar.'" Dkt. No. 103 at 2.[2] The Court agrees.

> If a federal law enforcement officer commits a tort, the victim has two distinct avenues of relief: he may pursue a constitutional tort claim against the individual officer under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or he may pursue a common law tort claim against the United States pursuant to the [FTCA].

*Manning v. United States*, 546 F.3d 430, 431 (7th Cir. 2008). Section 2676 of the FTCA, however, provides that a judgment in an FTCA action "shall constitute a complete bar to any

---

[2] This argument was not previously bought to the Court's attention.

2

action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676.

In *Manning*, the jury found in favor of the plaintiff on his *Bivens* claim, but the Court ruled in favor of the United States on the plaintiff's FTCA claims. Thereafter, the Defendants moved to vacate the jury's verdict, claiming that the FTCA's judgment bar also precluded the *Bivens* claims. The district court and the Seventh Circuit agreed with the Defendants, finding that "an FTCA judgment [whether successful or unsuccessful] bars a *Bivens* claim raised in the same suit." *Manning*, 546 F.3d at 434. The court further explained that

> [a] plaintiff may still bring both parallel claims as remedies to torts committed by law enforcement officers against the government and the individual officers, and the remedies complement each other. But the idea that a plaintiff may bring claims against both the government and the federal officer does not directly implicate whether one may pursue those claims to judgment. Both remedies remain as viable causes of action, but because of the broad language of the judgment bar, plaintiffs must make strategic choices in pursuing the remedies.

*Id.* at 434-35; *see also Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180, 185 (7th Cir. 1996) ("[A]ny FTCA judgment, regardless of outcome, bars a subsequent *Bivens* action on the same conduct that was at issue in the prior judgment.").

Based on the foregoing case law, the Court **GRANTS** the Defendants' motion to alter or amend the final judgment. The Court will enter judgment in favor of Lt. Emmerich on the *Bivens* claim.

### III. FTCA CLAIM – ASSAULT AND BATTERY

With regard to the Plaintiff's assault and battery claim against the United States, the Court now finds that it also committed a manifest error of law when it found that the Plaintiff's claim for assault and battery was not recoverable under the FTCA. *See Mendez*, 725 F.3d at 660 (court's decision to grant relief from judgment was within its discretion to remedy its own

3

mistake). The Court now finds that the state-law elements of battery are indeed met and judgment should be entered in favor of the Plaintiff and against the United States as to this claim.

A person commits the civil tort of assault and battery in Indiana if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or third person, or an imminent apprehension of such contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Singh v. Lyday*, 889 N.E.2d 342, 360 (Ind. Ct. App. 2008) (quoting *Mullins v. Parkview Hospital, Inc.*, 865 N.E.2d 608, 610 (Ind. 2007)). "A touching, however slight, may constitute an assault and battery." *Id.* (quoting *Knight v. Ind. Ins. Co.,* 871 N.E.2d 357, 362 (Ind. Ct. App. 2007)). As will be detailed in the findings of fact and conclusions of law: Despite the fact that Barker's wrists were cuffed behind his back, Lt. Emmerich threw Barker into a wall with metal mailboxes, shoved his head into the mailboxes, threw Barker onto the floor, and held Barker to the ground with this knee. While *some* amount of force *may* have been warranted, Lt. Emmerich's use of force was excessive under the circumstances. These facts satisfy the foregoing assault and battery elements: Lt. Emmerich acted intending to cause harmful or offensive contact, and harmful contact resulted.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' motion to alter or amend final judgment (Dkt. No. 103) is **GRANTED**. The Court also **VACATES** the findings of fact and conclusions of law (Dkt. No. 100) and the final judgment (Dkt. No. 101) previously entered in this case. New findings of fact and conclusions of law and a new judgment will be issued under separate order.

SO ORDERED: 5/4/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.